UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **James Anthony Primus**, # 252315, | ) C/A No. **4:07-911-PMD-TER** |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Dr. Robert Lee; | ) |
| Dr. Babb; and | ) |
| Mr. John Ozmint, | ) |
| Defendant(s). | ) |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently housed at the Lee Correctional Institution, which is part of the South Carolina Department of Corrections (SCDC) prison system. In the Complaint filed in this case, Plaintiff seeks injunctive relief and compensatory damages for alleged "medical negligence" and "medical malpractice" in connection with the October 2006 removal of one of his testicles by an SCDC "contracting" surgeon in Sumter, South Carolina. He also claims "medical negligence" and "medical malpractice" by an examining physician at Lieber Correctional Institution (where Plaintiff was housed at the time of and immediately after the subject surgery), and claims that SCDC Director Jon Ozmint "is responsible" for the alleged malpractice.[2] Apparently Plaintiff thought that the

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] Although most of Plaintiff's allegations center on the surgery and a subsequent examination by the doctor at Lieber Correctional Institution, he also claims that he was not provided pain management and follow-up care by unknown and unnamed medical staff at Lee Correctional Institution, where he was transferred shortly after the surgery. He does not state who allegedly denied him such care nor does he name anyone at Lee Correctional Institution as a Defendant in this case. Accordingly, this Report does not address whether or not such allegations might or might not state a viable federal claim had Plaintiff named a Defendant from Lee Correctional Institution.

1

surgery was being done to remove a non-cancerous cyst on his testicle, not to remove the testicle. He also complains that he was not fully informed of the results of the post-surgery examination by the doctor at Leiber Correctional Institution.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n.7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Servs.*, 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B) because Plaintiff's allegations do not show medical indifference to his medical needs by any Defendant.

Correctional systems are required to provide medical care to inmates, and detention facilities are required to provide medical treatment to detainees. *Helling v. McKinney*, 509 U.S. 25 (1993). The *Helling* Court stated,

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being. . . . The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety – it transgresses the substantive limits on state action set by the Eighth Amendment[.]

509 U.S. at 32 (quoting *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 199-200 (1989); *see also Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990).

With respect to medical care, a prisoner seeking compensation in a § 1983 case[3] "must allege acts or omissions sufficiently harmful to evidence *deliberate indifference to serious medical needs*." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (emphasis added). In *Estelle*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment*, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988)(emphasis added). *Cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga.. 1994)(collecting cases).

---

[3]The facial viability of Plaintiff's Complaint is being considered under this Court's federal question jurisdiction based on 42 U.S.C. § 1983 since there does not appear to be any diversity of citizenship of the parties shown on the face of the Complaint. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

Under *Estelle*, the failure of the Defendants to provide as much information about the surgical procedure that he underwent as Plaintiff might have desired and any negligence or possible malpractice that might have occurred while the physicians were attempting to treat Plaintiff's medical problem do not rise to the level of compensable constitutional violations. *See Estelle*, 429 U.S. at 105. In *Lamb v. Maschner*, 633 F. Supp. 351 (D. Kan. 1986), the district court ruled that the proper inquiry for indifference is whether the prison or jail provided *any* treatment, and that the plaintiff's agreement or disagreement with the nature and extent of treatment provided is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976). Therefore, the key question in this case is whether the defendants have provided plaintiff with some kind of treatment, regardless of whether it is what plaintiff desires.

*Lamb*, 633 F. Supp. at 353; *see Walker v. Peters*, 863 F. Supp. 671 (N.D. Ill.1994)(under Farmer v. Brennan, "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice").

In this case, it is clear from Plaintiff's allegations that he was provided considerable medical care for his medical problem, both inside the prison system and with outside professionals. In fact, Plaintiff only claims that the Defendants' actions in his case amounted to "medical negligence" and "medical mal-practice." Complaint, at 2, 4, and 5. His allegations show only that he is not satisfied with the nature and extent of the medical care that he received from SCDC. As a result, no medical indifference has been alleged and no constitutional violation has been shown. Furthermore, since no medical indifference by the doctors is shown under the Complaint allegations, there is, likewise, no actionable federal legal claim for which Defendant Ozmint could be "responsible for" even if Plaintiff's allegations were – which they are not – sufficient to overcome the well-settled rule generally precluding vicarious responsibility claims in § 1983 cases. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978)(the doctrine of *respondeat superior,* also

known as vicarious liability, is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action); *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982 )(same). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. *Slakan v. Porter*, 737 F.2d 368 (4th Cir.1984). There are no allegations contained in the Complaint in this case that would support application of the *Slakan* exception in this case even if medical indiffference by the doctors were adequately alleged.

The most that can be said of Plaintiff's allegations are that they possibly state a medical malpractice or negligence claim, which is what Plaintiff himself labels his claims. As a result, there is no basis on which this Court should issue process in this case against the Defendants since no viable federal claim is alleged against any named Defendant. It is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 328-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *see Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels* and *Ruefly* : "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Also, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law such as medical malpractice. *See, e.g.*, *Brooks v. Celeste*, 39 F.3d 125 (6th Cir.1994)(Although several courts prior to the Supreme Court's decision in *Farmer v. Brennan* held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."); *Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994)("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990).

Although claims of negligence and medical malpractice are actionable under South Carolina law, they should be brought *only* in state court *unless* diversity of citizenship is present. *See* S.C. Code Ann., § 15-78-30(a)(South Carolina Torts Claims Act governs negligence actions against a state official or employee); *Browning v. Hartvigsen*, 414 S.E.2d 115, 116-18, 116 n.1, 117 n.2 (S.C. 1992); *see also Willis v. Wu*, 607 S.E.2d 63 (S.C. 2004)(a malpractice action against non-governmental medical personnel; pursued under the state's general tort law).  If there is diversity of citizenship and over $75,000 in controversy in a medical malpractice case, it can be heard in this Court pursuant to its diversity jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332.  Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).  There is no diversity of citizenship present in this case, however, because Plaintiff and each Defendant are residents of the State of South Carolina as shown by the allegations in the Complaint and in the service documents submitted by Plaintiff.  Complaint, at 2.  As a result, since Plaintiff has not pled deliberate indifference to his medical needs by either of the medical Defendants and for which an exception to the no-vicarious liability rule could even arguably apply as to the SCDC Director, this case is subject to summary dismissal without the issuance of process for Defendants.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); *Boyce v. Alizaduh; Todd*

*v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

                                                        Respectfully submitted,

                                                        s/Thomas E. Rogers, III
                                                        Thomas E. Rogers, III
                                                        United States Magistrate Judge

April 20, 2007
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).