**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

JAMES ANTHONY PRIMUS, # 252315   )
                                     )
              Plaintiff,   )
                                     )     C.A. No.: 4:07-911-PMD-TER
v.                               )
                                     )
DR. ROBERT LEE; DR. BABB; and    )     **ORDER**
MR. JOHN OZMINT,              )
                                     )
             Defendants.   )
_____)

On April 9, 2007, *pro se* litigant James Anthony Primus ("Plaintiff") filed this cause of action against several persons employed by the South Carolina Department of Corrections (SCDC) on theories of "medical negligence" and "medical malpractice." Plaintiff seeks damages for surgery in October, 2006, performed by SCDC physicians and which resulted in the unwanted removal of Plaintiff's testicle. Plaintiff also seeks compensatory damages from Dr. Robert Lee, the surgeon, in the amount of one million dollars ($1,000,000) and five hundred thousand dollars ($500,000) in damages for inadequate medical treatment by Dr. Babb, the examining physician who subsequently cared for Plaintiff. Finally, Plaintiff claims that SCDC Director Jon Ozmint is responsible for the alleged malpractice; therefore, Plaintiff seeks two hundred and fifty thousand dollars ($250,000) in punitive damages from Ozmint.

On April 20, 2007, Magistrate Judge Thomas E. Rogers III issued a report and recommendation (the "R&R"). In this R&R, the Magistrate Judge found that Plaintiff's state law malpractice claim lacked diversity jurisdiction, and was most cognizable under 42 U.S.C. § 1983. (R&R at 3, n.3.) Furthermore, because Plaintiff is a prisoner-petitioner incarcerated at Lee Correctional Institution seeking compensation for inadequate medical care, the Magistrate Judge

1

analyzed Plaintiff's cause of action in view of the "deliberate indifference" threshold required by

*Estelle v. Gamble*, 429 U.S. 97 (1976),[1] and confirmed in later cases.  (R&R at 3.)  Because

Plaintiff's claim did not clearly allege the "sufficiently culpable state of mind" necessary to allege

deliberate indifference,[2] the R&R correctly decided that under the strict constraints of *Estelle,*

Plaintiff failed to state a § 1983 claim upon which relief could be granted.  (R&R at 4.)

Accordingly, the Magistrate Judge recommended that the Complaint be dismissed without prejudice

and without issuance and service of process pursuant to 28 U.S.C. § 1915A.

A party may object, in writing, to a R&R within ten days after being served with a copy of

that report.  28 U.S.C. § 636(b)(1).  Plaintiff filed timely objections to the R&R.

## STANDARD OF REVIEW

### A.     The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the court.  The recommendation has

no presumptive weight, and the responsibility for making a final determination remains with the

court.  *Mathews v. Weber*, 423 U.S. 261, 269 (1976).  The court reviews *de novo* those portions of

the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate

Judge with instructions.  28 U.S.C. § 636(b)(1).

### B.     28 U.S.C. § 1915A - Failure to State a Claim

Dismissals under 28 U.S.C. § 1915A for failure to state a claim require the same standard

---

[1] *Estelle* requires a prisoner seeking compensation in a § 1983 case to "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  429 U.S. at 106.

[2] *See Winfield v. Bass*, 106 F.3d 525, 531 (4th Cir. 1997).

of review as dismissals under Rule 12(b)(6).  *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002);

*Sanders v. Sheahan*, 198 F.3d 626, 626 (7th Cir. 1999); *David v. District of Columbia*, 158 F.3d

1342, 1348 (D.C.Cir. 1998).   Under this well-known standard, the court should not dismiss a

complaint for failure to state a claim unless "after accepting all well-pleaded allegations in the

plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the

plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his

claim entitling him to relief."  *Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248 (4th Cir.

2005); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).   "Moreover, when such

a dismissal involves a civil rights complaint, the court "must be especially solicitous of the wrongs

alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would

not be entitled to relief under any legal theory which might plausibly be suggested by the facts

alleged."  *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988).   However,

a complaint should be dismissed, in whole or in part, if it is certain that the plaintiff is entitled to no

relief under the legal theories advanced by plaintiff and suggested by the facts alleged.  *See Mylan

Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

## DISCUSSION

### A.

In order to state an action under 42 U.S.C. § 1983, a plaintiff must allege that (1) the

defendants deprived him of a federal right, and (2) did so under color of law.  *Gomez v. Toledo*, 446

U.S. 635, 640 (1980).  Deliberate indifference by prison personnel to an inmate's serious illness or

injury is actionable under 42 U.S.C. § 1983 as a violation of the Eighth Amendment.[3] *Estelle,*, 429

U.S. at 104-05.  To prove a claim of deliberate indifference to a serious injury, a plaintiff must show

that the prison personnel's "action or inaction [1] result[ed] in or creat[ed] a sufficiently serious risk

of a deprivation that objectively results in denial of the 'minimal civilized measures of life's

necessities' and [2] a 'sufficiently culpable state of mind.'" *Winfield v. Bass*, 106 F.3d 525, 531 (4th

Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 831-34 n.2 (1994)).  Of course, not every

claim of deliberate indifference is meritorious, and the courts will not hold liable prison officials

who act reasonably. *Id.* at 531.  Furthermore, the Supreme Court's holding in *Farmer* clearly stated

that 'deliberate indifference' "describes a state of mind more blameworthy than negligence."  511

U.S. at 835.  Accordingly, mere negligence or incorrect medical treatment is not actionable under

42 U.S.C. § 1983.  *Estelle*, 429 U.S. at 106.

 In this case, the facts as alleged in the original Complaint are clearly insufficient to support

a claim of deliberate indifference.  In fact, Plaintiff's Complaint admits that the cause of action is

for medical negligence and malpractice.  (Compl. at 2, 4 and 5.)  The R&R therefore drew the

correct conclusion when it stated, "no medical indifference has been alleged and no constitutional

violation has been shown."  (R&R at 4.)  The ruling announced in *Estelle* directly bars federal legal

claims of medical negligence and malpractice absent any showing of deliberate indifference. *See*

*Estelle*, 429 U.S. at 106.  Because the Complaint did not allege that Defendants acted with a

sufficiently culpable state of mind, the Magistrate Judge correctly recommended that the Complaint

be dismissed without prejudice and without issuance and service of process for failure to state a §

---

[3] The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. Amend. VIII.

4

1983 claim.

**B.**

In his Objections, Plaintiff requests "leave to clarify his initial complaint." (Objections at 1.) Plaintiff seeks to clarify that Dr. Lee, the surgeon, removed Plaintiff's testicle against Plaintiff's wishes, and in retaliation for Plaintiff's lack of cooperation. Specifically, Plaintiff alleges that "[d]uring an exchange of words, Dr. Robert E. Lee stated that: 'if you keep messing with me I will take it out (testicle).'" (Objections at 2.) Plaintiff describes this retaliatory surgery as "a wanton malicious act" and alleges that such actions show "deliberate indifference" by Dr. Lee.[4]

The court construes this objection liberally as a motion to amend the pleadings. Generally, motions to amend a pleading are governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." *See* Fed. R. Civ. P. 15(a). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original). An amendment is futile if it is "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510-11 (4th Cir. 1986); *see also Rambus, Inc. v. Infineon Tech., AG,* 304 F. Supp. 2d 812, 819 (E.D. Va. 2004) ("Courts generally favor the 'resolution of cases on their merits' . . . [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, e.g., motions to dismiss or for summary judgment, ..., or for resolution at trial.") (quoting *Davis v. Piper Aircraft Corp*., 615 F.2d 606, 613 (4th Cir. 1980)). Accordingly, the court considers whether Plaintiff's

---

[4] Plaintiff does not object to the dismissal of Defendants Dr. Babb and John Ozmint.

proposed amendment corrects the deficiencies in Plaintiff's original Complaint such that allowing the amendment would not be futile.

In order to state an action under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a federal right, and (2) did so under color of law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Supreme Court has held that prison physicians under contract with the state to provide medical services to prisoners are state actors whose actions may be the basis of a § 1983 cause of action. *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, at 53, 2258 (1988) ("Indifference . . . manifested by prison doctors in their response to the prisoner's needs . . . states a cause of action under § 1983.") (quoting and reaffirming *Estelle*, 429 U.S. at 104-105). The Fourth Circuit has also held that otherwise valid § 1983 causes of action based on "deliberate indifference" can be brought against physicians treating prisoner-petitioners under certain circumstances. *See Holly v. Scott*, 434 F.3d 287 (2006). In *Holly*, the court held that prison physicians employed under contract by state or federal authorities are state actors, as opposed to physicians who independently contract with private correctional institutions. *Id.* at 294.

In this case, Plaintiff alleges that, at the relevant time, he was incarcerated at the Kirkland Reception and Evaluation Center, in Columbia, South Carolina, and that defendant Dr. Robert E. Lee was a "contract employee physician/surgeon" employed by this state correctional facility.[5] (Complaint at 2.) When a "physician cooperates with the state and assumes the state's constitutional obligation to provide medical care to its prisoners," he or she "acts under color of state law." *Conner v. Donnelly*, 42 F.3d 220 (4th Cir. 1994) (construing *West*, 487 U.S. at 51). Accordingly,

_____

[5] Plaintiff erroneously identifies the Kirkland Reception and Evaluation Center in Columbia, South Carolina as the Kirkland Correctional Institution.

6

Plaintiff appropriately alleges Dr. Lee provided the complained of medical treatment "under color of state law."

If Dr. Lee did in fact unnecessarily remove Plaintiff's testicle in retaliation for Plaintiff's lack of cooperation, such conduct would constitute the sort of cruel and unusual punishment prohibited by the Eighth Amendment.  *See Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (holding that where plaintiff asserts that he warned the prison physician of his possible allergic reaction to the medicine being prescribed, and that the physician nonetheless prescribed the very same medication which had caused the allergic reaction, causing a serious and painful aggravation of his condition, plaintiff had stated a claim of deliberate indifference under § 1983) (abrogated in part on other grounds); *see also Howard v. Smyth*, 365 F.2d 428 (4th Cir.) (prisoners cannot be subjected to arbitrary punishment by prison officials), *cert. denied,* 385 U.S. 988 (1966).

Because Plaintiff's proposed amendment states a valid § 1983 claim, it is not obviously futile.  As such, the court allows Plaintiff to amend his Complaint to allege that Dr. Lee unnecessarily and maliciously removed his testicle in deliberate indifference to his medical needs. Without commenting upon Plaintiff's likelihood of success on this claim, the court merely finds that the proposed amendment is sufficient to withstand dismissal under § 1915A, and to make necessary a response from the prison physician, Dr. Lee.  Accordingly, the court grants Plaintiff's Motion to Amend, incorporates Plaintiff's new allegations into the original Complaint, and remands this matter to the Magistrate Judge.

7

## CONCLUSION

For the foregoing reasons, the court, adopting in part the Magistrate Judge's recommendation, **DISMISSES** this action against Defendants Dr. Babb and Director Ozmint without prejudice and without service of process.

The court **GRANTS** Plaintiff James Anthony Primus's **MOTION TO AMEND HIS COMPLAINT** to include the new allegations against Dr. Lee and **REMANDS** this matter to the Magistrate Judge for issuance and service of process.

**AND IT IS SO ORDERED**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 22, 2007.**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within (30) days from the date hereof, pursuant to Fed. R. App. P. 3-4.